

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 8, 1962

Honorable William L. Ferguson
County Attorney
Rusk County
Henderson, Texas

Opinion No. WW-1414

Re: Whether a person is entitled
to inspect, examine and make
copies of instruments filed
in the office of the County
Clerk before such instruments
are actually recorded by the
Dear Mr. Ferguson:                County Clerk.

You have requested the opinion of this office as to
whether a citizen is entitled to inspect, examine and make
copies of instruments filed in the office of the County
Clerk before said instrument is actually recorded by the
County Clerk. Your request has reference to the practice
of many County Clerks of permitting abstracters to photo-
graph original deeds and other such instruments after they
have been filed with the County Clerk, but before the Clerk
has prepared a copy of the deed for the official record.

Article 1945, Vernon's Civil Statutes, reads as fol-
lows:

"The clerk shall keep such other dockets,
books and indexes as may be required by law;
and all books, records and filed papers belong-
ing to the office of county clerks shall at all
reasonable times be open to the inspection and
examination of any citizen, who shall have the
right to make copies of the same."

It was held in Tobin v. Knaggs, 107 S.W.2d 677 (Civ.App.
1937, error ref.), that the above statute did not permit the
County Clerk to refuse access to any citizen, regardless of
his purpose in examining the documents on record. It was
further recognized that the Clerk was entitled to impose
reasonable good faith regulations upon persons who wish to
examine records and take copies thereof. There is thus no
question as to the general right of the persons involved to

examine and make copies of documents.

Article 1945 used the phrase "and filed papers belonging to the office of county clerks. . . ." If this phrase will include original deeds, leases, and other like documents during the period they are in the custody of the County Clerk, then the answer to your question becomes obvious.

The County Clerk does not have title to the records in his office; he does not even have title to the furniture or equipment therein. The title is in the County, and the County Clerk is the official who has custody of everything in his office. Thus, the phrase "and filed papers belonging to the office of county clerks. . . ." would include all documents which have been filed with the County Clerk and are thus in his custody, regardless of whether the Clerk was to retain them, or merely record them and return them to the original owners. It is the opinion of this office, then, that a citizen is entitled to inspect, examine and make copies of all instruments filed in the County Clerk's office. Article 1945 does not require that a citizen wait until a document has been actually recorded before he is entitled to examine and copy it.

Notwithstanding the foregoing, we must again make reference to the fact that the County Clerk has the right to make reasonable rules and regulations for the examination and copying of documents and records in his custody. Of course, no attempt will be made to define the limits of reasonableness, since this is not a function of an opinion by the Attorney General's office.

## SUMMARY

Under Article 1945, V.C.S., a citizen is entitled to inspect, examine and make copies of instruments filed in the office of the County Clerk before said instruments are actually recorded by the County Clerk. The County Clerk is authorized to make reasonable rules and regulations governing the conditions under which such inspection, examination and copying may take place, and the

times within which such activities may
be conducted.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Cecil Rotsch
Henry Braswell
Bob Shannon
Pat Bailey

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore